IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CEDRIC WEBB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-125-DRH** |
| ) | |
| **LT. THEIS, MAJOR WINE, EUGENE** ) | |
| **McADORY, S. FURLON, LT. KORANDO,** ) | |
| **MAJOR MARTIN, DEBI MIDDENDORF,** ) | |
| **and JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint is divided into three separate claims, as summarized here for clarity.

**COUNT 1:** Against Defendants Theis, Wine and McAdory for conducting an unfair disciplinary hearing, in violation of his rights under the Fourteenth Amendment.

**COUNT 2:** Against Defendants Doe, McAdory, Furlon, Korando and Martin for transferring him to Tamms out of retaliation for filing grievances, in violation of his rights under the First and Fourteenth Amendments.

**COUNT 3:** Against Defendant Middendorf for failure to process his grievance, in violation of his rights under the Fourteenth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

>prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

On October 23, 2003, Plaintiff received a disciplinary report for abuse of privileges. The ticket was approved by Defendants Theis and Wine; Plaintiff was immediately placed in administrative segregation. A hearing was held on October 28, and Plaintiff was found guilty. His punishment was a demotion to C-grade and loss of commissary privilege for one month, as approved by Defendant McAdory. During the appeals process, it was noted that due to a clerical error, a sanction of one month in segregation had not been included on the final summary, although such punishment had also been intended. The matter was subsequently reheard on January 14 due to that clerical error, and the same result ensued, this time with the segregation time duly noted on the final summary. Once again, Plaintiff appealed. In a letter dated May 27, 2004, the grievance was denied by the Administrative Review Board, although the sanction of one month of segregation was ordered deleted from his disciplinary records. Based on these events, Plaintiff believes that he was wrongly confined to segregation for a period of 23 days.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property"

without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for 23 days. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation at Menard were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit, and Count 1 is dismissed from this action with prejudice.

## COUNT 2

On February 10, 2004, a tactical team came to Plaintiff's cell. One of the team, Defendant Doe, told Plaintiff that he had a message for him from the Warden; that message was to stop filing

grievances and causing trouble if he wished to stay at Menard.  The next day, Plaintiff received a disciplinary ticket written by Defendant Furlon, which was approved by Defendants Korando and Furlon.  Plaintiff was placed on investigation status, where he remained for a month.  In early April he filed a grievance regarding the status of the investigation, but he received no substantive response because it was deemed untimely filed.  On April 20, he was advised that his security level had been increased, and he was transferred to Tamms on May 5.  Plaintiff alleges that his placement in investigation status and subsequent transfer to Tamms was done out of retaliation for his grievances filed over other matters.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of Count 2 at this point in the litigation.

**COUNT 3**

Plaintiff's final claim involves the grievance he filed on April 7 regarding the status of the investigation regarding the February 11 disciplinary ticket.  He claims that Defendant Middendorf was incorrect in deeming the grievance untimely, thus thwarting his attempt to fully exhaust his administrative remedies.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by

the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff has no viable constitutional claim against Middendorf based on this incident, and Count 3 is dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 1** and **COUNT 3** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **MIDDENDORF, THEIS** and **WINE** are **DISMISSED** from this action with prejudice, as no claims are pending against them.

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this matter, the Court will not automatically appoint the U.S. Marshal to effect service upon Defendants. Instead, **IT IS PLAINTIFF'S RESPONSIBILITY TO EFFECT SERVICE UPON DEFENDANTS DOE, FURLON, KORANDO, MARTIN** and **McADORY**.

The Clerk is **DIRECTED** to prepare summons for Defendants **DOE, FURLON, KORANDO, MARTIN** and **McADORY**. The Clerk shall forward those summons and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may effect service pursuant to Federal Rules of Civil Procedure 4.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   October 6, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**