IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CEDRIC WEBB,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **05-125 - DRH** |
| ) | |
| **EUGENE McADORY, S. FURLON,** ) | |
| **LT. KORANDO, and MAJOR MARTIN,** ) | |
| ) | |
| Defendants. ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendants' Motion for Summary Judgment, filed by defendants Eugene McAdory, Sean Furlon, and Lloyd Korando. **(Doc. 18)**. Plaintiff filed a response at **Doc. 24**, and an additional (untimely) affidavit at **Doc. 27**.

Plaintiff is an inmate in the custody of the IDOC. He filed suit pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated by prison employees at Menard Correctional Center. As the court construed his original complaint, he stated a claim for retaliation for the filing of grievances. In brief, he alleges a series of events which started with the issuance of a disciplinary report in October, 2003, and ended with his being transferred to Tamms Correctional Center in May, 2004. Plaintiff claims that defendants took various actions against him, including transferring him to Tamms, to retaliate against him for filing grievances.

The allegations that are relevant to the present motion are that, on February 11, 2004, defendant Furlon wrote a "disciplinary report against the Plaintiff calling for investigation of #206-Intimidation or Threats and #208-Dangerous Communication." **Doc. 1, p. 9.** Plaintiff alleges that Korando was the confinement reviewing officer on the report. This report was

1

written, according to plaintiff, to retaliate against him for filing grievances.

Defendants argue that they are entitled to summary judgment because they have qualified immunity for the claims against them.  Although the motion is nominally filed by all three defendants, it does not make any argument on behalf of McAdory.  Furlon and Korando base their argument on an affidavit from Michelle Baggott which states that plaintiff was not issued a "disciplinary ticket"on February 11, 2004.  **Doc. 19, Ex. A**.

### Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party.  **See,  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir.1996).**  In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  ***Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).**  Rather, a genuine issue of material fact exists

only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson***, **477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  ***Clifton v. Schafer*, 969 F. 278, 281 (7th Cir. 1992).**

### Analysis

It is, of course, well established that an act that is otherwise permissible may violate an inmate's rights if it is done for the purpose of retaliating for the inmate's filing of grievances or lawsuits.  ***DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).**

Defendants' argument is based upon a failure to distinguish between a disciplinary report and an investigative report.  There is a difference.  20 IL ADC 504.30 governs the preparation of disciplinary reports.  Pursuant to Section 504.30(b), "If an employee observes an adult offender committing an offense, discovers evidence of its commission, or receives information from a reliable witness of such conduct, the employee shall promptly prepare a disciplinary report."  However, Section 504.30(e) provides that "If an offender is suspected of committing a disciplinary offense, an investigative disciplinary report, hereinafter referred to as an investigative report, may be issued that reasonably informs the offender of the subject of the investigation to the extent that safety and security allow."

Reading the complaint carefully, along with the exhibits attached thereto, it is clear that plaintiff is alleging that he was issued an investigative report, *not* a disciplinary report or ticket.  At page 9 of his complaint, he states that he filed a grievance on April 7, 2004, "inquiring into the disciplinary/investigation report of Feb. 11, 2004."  At page 20, plaintiff again refers to the report as a "disciplinary report against the Plaintiff calling for investigation.  At page 13, he

3

alleges that, following the issuance of the February 11, 2004, report, he was not interviewed within 14 days. The requirement that an inmate be interviewed within 14 days applies to an investigative report, not a disciplinary report. See, 20 IL ADS 504.50(c). In addition, plaintiff clearly states in his response to the motion for summary judgment that he was issued "a false investigation report." **Doc. 24, ¶6**.

The affidavit upon which defendants rely does not negate the allegation that a false investigation report was issued to plaintiff. The affidavit states only that a search of plaintiff's master file located two disciplinary reports issued between Janauary 1, 2003, and December 31, 2004, and that plaintiff was not issued a "disciplinary ticket" on February 11, 2004. Defendants have not filed affidavits denying that they issued an investigation report to plaintiff on February 11, 2004.

The filing of a false investigative report for the purpose of retaliation would violate the constitution. There is no basis for granting summary judgment on the present record.

### Recommendation

For the foregoing reasons, this court recommends that Defendants' Motion for Summary Judgment **(Doc. 18)** be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **December 3, 2007.**

**Submitted:  November 13, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE**

4