IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CEDRIC WEBB,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**EUGENE McADORY, S. FURLOW,** )<br>**LT. KORANDO, and MAJOR MARTIN,** )<br>)<br>Defendants. ) | Civil No. **05-125 - DRH** |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendants' Motion for Summary Judgment, filed by defendants Eugene McAdory, Sean Furlow, and Lloyd Korando. **(Doc. 39)**. Defendants served the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 41)**. The motion is supported by a memorandum and exhibits. **(Doc. 40)**. Plaintiff filed a response at **Doc. 42**. Defendants filed a reply at **Doc. 43.**

Plaintiff is an inmate in the custody of the IDOC. He filed suit pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated by prison employees at Menard Correctional Center. As the court construed his original complaint, he stated a claim for retaliation for the filing of grievances. In brief, he alleges a series of events which started with the issuance of a disciplinary report in October, 2003, and ended with his being transferred to Tamms Correctional Center in May, 2004. Plaintiff claims that, on February 11, 2004, defendant

1

Furlow[1] wrote a "disciplinary report against the Plaintiff calling for investigation of #206-Intimidation or Threats and #208-Dangerous Communication." **Doc. 1, p. 9.** Plaintiff alleges that Korando was the confinement reviewing officer on the report. This report was written, according to plaintiff, to retaliate against him for filing a grievance.

Defendants argue that they are entitled to summary judgment because the record establishes that they did not retaliate against plaintiff.

### **Standard for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party. **See,** *Anderson v. Liberty Lobby Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir.1996).** In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v.*

---
[1] Plaintiff calls this defendant "Furlon." According to the motion and affidavit attached thereto, this defendant's correct name is "Sean Furlow."

*National Wildlife Federation*, **497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*, **94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, **969 F. 278, 281 (7th Cir. 1992).**

## Analysis

Prison officials may not retaliate against inmates for exercising their First Amendment rights. An act that is otherwise permissible may violate an inmate's rights if it is done for the purpose of retaliating for the inmate's filing of grievances or lawsuits. *DeWalt v. Carter*, **224 F.3d 607, 618 (7th Cir. 2000).**

The burden of proving a retaliation claim is heavy. *Babcock v. White*, **102 F.3d 267, 275 (7th Cir. 1996)**. In order to prevail on such a claim, a plaintiff must show that "(1) he engaged in a protected conduct; and (2) he was retaliated against for engaging in this conduct." *DeWalt*, **224 F.3d at 618.** Further, the retaliatory motive must have been a "substantial or motivating factor in a defendant's actions." *Spiegla v. Hull*, **371 F.3d 928, 942-43 (7th Cir. 2004)**.

3

Plaintiff cannot succeed on his retaliation claim if the result would have been the same absent a retaliatory motive, *Mt. Healthy City School Dist. v. Doyle*, **429 U.S. 274 , 287 (1977).**

Plaintiff claims that the following acts were done for the purpose of retaliating against him for filing a grievance:

1. On February 11, 2004, defendant Furlow wrote an investigative report, which was approved by defendant Korando.
2. On April 20, 2004, plaintiff was informed that his security level was increased.
3. On May 5, 2004, plaintiff was transferred to Tamms.

Plaintiff has been in the IDOC since 1982. During that time, he has been issued at least 83 disciplinary reports, including tickets for gang activity and assaulting another inmate. **Doc. 40, Affidavit of Michelle Baggott, Ex. B**. He has lost over five years of good time as a result of these disciplinary reports. **Doc. 40**, **Plaintiff's Deposition, Ex. A, p. 6**.

Although plaintiff has filed a number of grievances over the years, his claim here is that he was retaliated against for filing a grievance dated November 23, 2003. **Ex. A, pp. 11-12**; **Complaint, Doc. 1, p. 5**. On January 23, 2004, plaintiff appealed from the grievance counselor's response to that grievance. According to his response to the motion, this is the event which triggered the retaliation. **Doc. 42, p.3**.

After he sent the appeal of the grievance to Springfield on January 23, 2004, a tact team appeared at his cell on February 10, 2004. An unidentified member of the team then stated that he had a message from the warden; the message was that plaintiff should stop filing grievances. **Ex. A, pp. 8-9.** The next day, Furlow wrote the investigative ticket.

4

Plaintiff testified that he sued Furlow because he wrote the ticket and Korando because he signed off on it. **Ex. A, pp. 16-17.** A copy of the investigative ticket is attached to **Doc. 32.** Defendant Martin signed off as the shift supervisor, and Korando signed off as the review officer.

Defendant Furlow's affidavit is attached to **Doc. 40** as **Exhibit C**. At the relevant time, he was a correctional officer in the investigations unit. As part of his duties, he investigated complaints against inmates. He issued the investigative report on February 11, 2004. In paragraph 6, he states that he had no knowledge of plaintiff's grievances.

The November 23, 2003, grievance concerned a disciplinary report which had been written on October 23, 2003. Copies of the grievance and the prior disciplinary report are attached to the complaint. Defendant Furlow's name does not appear in the October 23, 2003, disciplinary report or in the grievance.

Plaintiff does not offer any evidence to refute Furlow's assertion that he had no knowledge of plaintiff's grievance at the time he wrote the February 11, 2004, investigative report. He suggests that the affidavits of Furlow and Baggott are based on hearsay and are lies, but such a response is not sufficient to create a dispute as to the facts. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir.1996).** After investigation, it was determined that there was no basis for a disciplinary report, but that fact does not establish that the February 11, 2004, investigative report was motivated by retaliation.

Plaintiff raises an issue as to the signatures on the affidavits because they were signed using the electronic filing "s/" convention. In reply, defendants' counsel states that he is in possession of the original affidavits with the original signatures, but that he filed copies with the

5

"s/" convention for security purposes. **See, Doc. 43.** Based on counsel's representation, there is no real issue as to the authenticity of the affidavits, and plaintiff has not come forth with any evidence sufficient to call into doubt the truthfulness of the statements made therein. Plaintiff simply restates the allegations of his complaint. This does not serve to defeat the motion. **Fed.R.Civ.P. 56(e)**.

Plaintiff also claims that his transfer to Tamms in May, 2004, was in retaliation for his pursuing the appeal of his grievance in January, 2004.[2] Baggott's affidavit states that an inmate's behavior and disciplinary record are considered in transferring an inmate to Tamms. Plaintiff does not dispute that he has had an extensive disciplinary history while in the IDOC, which included gang-related incidents and assaults. He suggests that he had no tickets from February, 2001, to October, 2003. That circumstance does not establish that the transfer to Tamms was retaliatory.

Plaintiff was issued yet another disciplinary ticket on April 4, 2004. Baggott affidavit, ¶3. Two weeks later, he was notified that his security level was increased, and, on May 5, 2004, he was transferred to Tamms. Plaintiff cannot show that he would not have been transferred to Tamms absent any retaliatory motive.

The court notes that defendant Martin has not been served, despite the efforts of the U.S. Marshal in that regard. The court issued a notice of impending dismissal at **Doc. 23**. In response, plaintiff indicated he has no further information. **Doc. 28.** Because Martin is in the same position as the moving defendants, the court should grant the motion as to him also. See, ***Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993),** ***Rosser v. Chrysler***

---

[2]Plaintiff has not advanced a due process challenge to the transfer.

*Corporation*, 864 F.2d 1299, 1304 (7th Cir. 1988).

### Recommendation

For the foregoing reasons, this court recommends that Defendants' Motion for Summary Judgment, filed by defendants. **(Doc. 39)**. be **GRANTED**. Judgment should be granted in favor of all defendants, that is, Eugene McAdory, Sean Furlow, and Lloyd Korando, and Major Martin. In addition, defendant "Unknown Party" should be dismissed per the notice of impending dismissal at **Doc. 22**, to which plaintiff has not responded.

If this recommendation is adopted in its entirety, no claims will remain pending.

Objections to this Report and Recommendation must be filed on or before **March 17, 2008.**

**Submitted: February 28, 2008.**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**